# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LETITIA M. BOWENS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-07816 |
| ACCOUNT RECOVERY SOLUTIONS, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Letitia M. Bowens ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Account Recovery Solutions, LLC, ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. The Court has supplemental jurisdiction over the state law claim under 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois, Plaintiff resides in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who resides in the Northern District of Illinois and is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant is a limited liability company organized under the laws of the State of New York with its registered agent located at c/o Lagalcorp Solutions, LLC 11 Broadway, Suite 615, New York, New York. Defendant is a debt collector engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant uses the mail and/or telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSES OF ACTION

6. In or around August 2018, Plaintiff's boyfriend received a phone call from Defendant to his cellular telephone. In that call, Defendant communicated to Plaintiff's boyfriend that it is attempting to reach Plaintiff in an attempt to collect on a Flex Shopper defaulted debt ("alleged debt"), in which it acquired the right to collect on. Furthermore, Defendant communicated to Plaintiff's boyfriend that if Plaintiff did not resolve the alleged debt immediately, then Defendant would pursue legal actions against Plaintiff.

7. Plaintiff's boyfriend immediately relayed Defendant's message to Plaintiff. Plaintiff panicked and became embarrassed because her boyfriend believed she owed the alleged debt.

8. Plaintiff called Defendant with the number her boyfriend provided to her. Defendant answered Plaintiff's phone call. In that call, Defendant's representative falsely communicated to Plaintiff that she must make an immediate payment on the alleged debt or else Defendant will take Plaintiff to court and garnish her wages.

9. Defendant's false communication caused Plaintiff to panic. Plaintiff pleaded to Defendant not to take any legal actions as she was the victim of identity theft and that she did not owe the alleged debt.

10. Subsequently thereafter, Plaintiff filed and identity theft police report stating that she was a victim of identity fraud and that her social security and other personal information was stolen from her.

11. Plaintiff became stressed and afraid by Defendant's false communications. Despite telling Defendant that she was a victim of identity theft and that she procured an identity theft report, Defendant reiterated that the only way for Plaintiff to avoid any legal action was for Plaintiff to make an immediate payment on the alleged debt and to set up a payment plan with Defendant.

12. Plaintiff agreed to make a payment and set up a payment plan for the alleged debt even though Plaintiff did not owe the alleged debt out of fear of legal action. Plaintiff ultimately made two payments to Defendant, totaling $200.00, due to Defendant's false and misleading pretenses.

13. Defendant's conduct was false, deceptive, and misleading.

14. Defendant dragooned Plaintiff into making a payment through unfair and unconscionable means by threatening to take legal action against Plaintiff and to garnish her wages, when she did not owe any payments, was a victim of identity theft, and could not afford such payments.

15. Furthermore, at no time did Defendant send Plaintiff any correspondence notifying her of her rights pursuant to 15 U.S.C §1692g.

## DAMAGES

16. Defendant's unlawful collection attempts disrupted Plaintiff's daily life and general well-being.

17. Plaintiff suffered from emotional distress and mental anguish due to Defendant's unlawful attempts to collect the alleged debt as she was led to believe that she actually owed the alleged debt and would be sued and her wages would be garnished.

18. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

21. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

22. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

23. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

24. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

25. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

26. Defendant violated 15 U.S.C. §§1692c(b), e, e(4), e(5), f, and g through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692c

27. Defendant violated §1692c(b) when it called Plaintiff's boyfriend and disclosed that it is attempting to reach Plaintiff in order to collect on the alleged debt.

28. Furthermore, Defendant disclosed to Plaintiff' boyfriend that if Plaintiff did not resolve the alleged debt immediately, then Defendant will proceed to take legal actions against Plaintiff.

29. Defendant's communication to Plaintiff's boyfriend caused Plaintiff to be embarrassed because her boyfriend was led to believe Plaintiff owed the alleged debt when she did not.

### b. Violations of FDCPA § 1692e

30. Defendant violated §1692e by using false, deceptive, and misleading representations in connection to the collection of the alleged debt. Defendant falsely communicated to Plaintiff that if she did not make an immediate payment on the alleged debt, then Defendant will take her to court and garnish her wages.

31. Defendant violated §1692e(4) when it mislead Plaintiff into believing that nonpayment on the subject debt will lead to immediate court action and garnishment of Plaintiff's wages. Specifically, Defendant falsely communicated to Plaintiff that if she did not make an immediate payment on the alleged debt, Defendant will take Plaintiff to court and garnish her wages. At no time was it Defendant's intention to do so.

32. Furthermore, Defendant violated §1692e(5) when it threatened to take legal action against Plaintiff, when it had no intentions on taking such actions. Defendant's legal threats where merely used to deceive and scare Plaintiff into making an immediate payment on the alleged debt.

### c. Violations of FDCPA § 1692f

33. Defendant violated §1692f by using unfair and unconscionable means to attempt to collect on the alleged debt. Specifically, Defendant threaten to take Plaintiff to court and garnish her

wages. Defendant's conduct is unfair because it used such threats to scare Plaintiff into making a payment on the alleged debt. Plaintiff ultimately made two payments on the alleged debt because of Defendant's unconscionable statements.

### d. Violations of FDCPA § 1692g

34. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff and failed to adequately send Plaintiff her right to dispute the validity of the subject debt within five days of the initial communication.

35. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through false and misleading conduct to consumers.

36. Upon information and belief, Defendant systematically deceives consumers in Illinois, in order to aggressively collect debts allegedly in default to increase its profitability at the consumers' expense.

37. As stated above, Plaintiff was severely harmed by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff LETITIA M. BOWENS, respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

38. Plaintiff restates and reallages paragraphs 1 through 37 as through fully set forth herein.

39. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

40. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

41. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the alleged debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

42. Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its attempts to collect the alleged debt from Plaintiff personally.

**a. Unfairness and Deception**

43. It was unfair and deceptive for Defendant to mislead Plaintiff into believing it would take Plaintiff to court and garnish Plaintiff's wages if she did not make a payment on the alleged debt. Defendant's conduct was unfair and deceptive because Defendant used such threats to scare Plaintiff into making a payment on the alleged debt, which caused Plaintiff to make two payments under false pretenses.

44. Defendant's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the unfair conduct.

45. Moreover, Defendant's unfair conduct is against public policy because it needlessly subjects consumers to misleading information.

46. Upon information and belief, Defendant systematically misleads consumers in Illinois in order to aggressively collect debts in default or assumed to be in default to increase its profitability at the consumers' expense.

47. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully.

48. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

49. Specifically, Plaintiff incurred pecuniary loss in the amount of $200.00 to pay the alleged debt when she did not owe such debt out of fear of legal action.

50. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendant's illegal conduct.

**WHEREFORE**, Plaintiff LETITIA M. BOWENS, requests that this Honorable Court:

   a. Enter judgment in Plaintiff's favor and against Defendant;
   b. Award Plaintiff her actual damages in an amount to be determined at trial;
   c. Award Plaintiff her punitive damages in an amount to be determined at trial;
   d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
   e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: November 27, 2018

Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com