# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LETITIA M. BOWENS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-07816 |
| INTEGRATED CAPITAL RECOVERY, LLC d/b/a ACCOUNT RECOVERY SOLUTIONS, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## FIRST AMENDED COMPLAINT

**NOW COMES** Letitia M. Bowens ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Integrated Capital Recovery, LLC d/b/a Account Recovery Solutions, LLC, ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1, and violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. The Court has supplemental jurisdiction over the state law claim under 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois, Plaintiff resides in the Northern District of Illinois, and a

1

substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who resides in the Northern District of Illinois and is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant is a limited liability company organized under the laws of the State of New York and its registered agent is United States Corporation Agents, Inc. located at 7014 13th Avenue, Suite 202, Brooklyn, New York 11228. Defendant is a debt collector engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant uses the mail and/or telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Illinois.

**FACTS SUPPORTING CAUSES OF ACTION**

6. In or around August 2018, Plaintiff's significant other received a phone call from Defendant to his cellular telephone. During that call, Defendant communicated to Plaintiff's significant other that it is attempting to reach Plaintiff in an attempt to collect on a defaulted debt ("alleged debt"), for which it acquired the right to collect upon. Furthermore, Defendant communicated to Plaintiff's significant other that if Plaintiff did not resolve the alleged debt immediately, then Defendant would pursue legal actions against Plaintiff.

7. Plaintiff's significant other immediately relayed Defendant's message to Plaintiff.

8. Although Plaintiff does not owe the alleged debt, Plaintiff still panicked and felt embarrassed.

9. The information Defendant conveyed to Plaintiff's significant other gave the impression that Plaintiff was financially irresponsible and further caused unnecessary strife in Plaintiff's relationship.

10. Plaintiff then called Defendant to better understand the true purpose behind Defendant's actions.

11. During that call, Defendant's representative falsely communicated to Plaintiff that she must make an immediate payment toward the alleged debt or else Defendant will take Plaintiff to court and garnish her wages.

12. Defendant's false communication caused Plaintiff to fear a wage garnishment that could never legally be effectuated against her as it was in reference to the alleged debt; a debt Plaintiff never incurred and never owed.

13. Plaintiff pleaded with Defendant not to take any legal actions as she was the victim of identity theft and that she did not owe the alleged debt.

14. Plaintiff subsequently filed a police report stating that she was a victim of identity fraud and that her Social Security number and other personal information had been compromised.

15. Plaintiff became stressed and afraid by Defendant's false actions. Despite telling Defendant that she was a victim of identity theft and that she procured an identity theft report, Defendant reiterated that the only way for Plaintiff to avoid any legal action was for Plaintiff to make an immediate payment on the alleged debt by entering into a payment arrangement with Defendant.

16. Fearing the prospect of legal action taken against her, Plaintiff agreed to make a payment and set up a payment plan for the alleged debt even though Plaintiff did not owe the alleged debt. Plaintiff ultimately made two payments toward the alleged debt due to Defendant's false and misleading pretenses.

17. Defendant's conduct was false, deceptive, and misleading.

18. Defendant dragooned Plaintiff into making a payment through unfair and unconscionable means by threatening to take legal action against her in order to garnish her wages. Defendant perpetuated these actions with knowledge that Plaintiff did not owe any portion of the alleged debt.

19. Furthermore, at no time did Defendant send Plaintiff any correspondence notifying her of her rights pursuant to 15 U.S.C §1692g.

20. Furthermore, Defendant placed or caused to be placed harassing phone calls to Plaintiff's cellular phone.

21. During the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

22. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

23. Moreover, Plaintiff also heard what sounds to be call center noise in the background of Defendant's phone calls.

24. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 9868. Plaintiff is and always has been financially responsible for her cellular phone and its services.

25. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone number using an automated telephone dialing system, a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

26. Moreover, Defendant never had consent to place calls to Plaintiff's cellular phone, yet Defendant placed these calls in order to harass Plaintiff in an effort to force her to pay the alleged debt.

**DAMAGES**

27. Defendant's unlawful collection attempts disrupted Plaintiff's daily life and general well-being.

28. Additionally, Defendant's harassing phone calls were severely disturbing to Plaintiff.

29. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, and loss of concentration.

30. In addition, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

31. Plaintiff suffered from emotional distress and mental anguish due to Defendant's unlawful attempts to collect the alleged debt as she was led to believe that she actually owed the alleged debt and would be sued and her wages would be garnished.

32. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

35. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

36. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

37. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

38. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

39. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

40. Defendant violated 15 U.S.C. §§1692c(b), d, e, e(4), e(5), f, and g through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692c**

41. Defendant violated §1692c(b) when it called Plaintiff's boyfriend and disclosed that it is attempting to reach Plaintiff in order to collect on the alleged debt.

42. Furthermore, Defendant disclosed to Plaintiff' boyfriend that if Plaintiff did not resolve the alleged debt immediately, then Defendant will proceed to take legal actions against Plaintiff.

43. Defendant's communication to Plaintiff's boyfriend caused Plaintiff to be embarrassed because her boyfriend was led to believe Plaintiff owed the alleged debt when she did not.

### b. Violations of FDCPA § 1692d

44. Defendant violated §1692d through its conduct towards Plaintiff.

45. Defendant's conduct in trying to collect the alleged debt from Plaintiff was harassing, oppressive, and abusive in nature as Plaintiff did not owe the subject debt.

### c. Violations of FDCPA § 1692e

46. Defendant violated §1692e by using false, deceptive, and misleading representations in connection to the collection of the alleged debt. Defendant falsely communicated to Plaintiff that if she did not make an immediate payment on the alleged debt, then Defendant will initiate legal action against her and garnish her wages.

47. Defendant violated §1692e(4) when it mislead Plaintiff into believing that nonpayment on the subject debt will lead to immediate court action and garnishment of Plaintiff's wages. Specifically, Defendant falsely communicated to Plaintiff that if she did not make an immediate payment on the alleged debt, Defendant will take Plaintiff to court and garnish her wages.

48. Furthermore, Defendant violated §1692e(5) when it threatened to take the aforementioned legal action against Plaintiff when it had no intentions of taking such actions. Defendant's illegal threats of taken legal action were merely used to deceive and scare Plaintiff into making an immediate payment on the alleged debt.

### d. Violations of FDCPA § 1692f

49. Defendant violated §1692f by using unfair and unconscionable means to attempt to collect on the alleged debt. Specifically, Defendant threatened to take Plaintiff to court and garnish her wages with knowledge that Plaintiff does not owe the alleged debt. Defendant's conduct is unfair because it used such threats to scare Plaintiff into making a payment on the alleged debt. Plaintiff ultimately payments towards the alleged debt because of Defendant's unconscionable statements.

### e. Violations of FDCPA § 1692g

50. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant, through its initial communication demanded, payment of the alleged debt from Plaintiff and failed to adequately send Plaintiff her right to dispute the validity of the alleged debt within five days of the initial communication.

51. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through false and misleading conduct to consumers.

52. Upon information and belief, Defendant systematically deceives consumers in Illinois in order to aggressively collect debts allegedly in default to increase its profitability at the expense of consumers.

53. As stated above, Plaintiff was severely harmed by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff LETITIA M. BOWENS, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

54. Plaintiff restates and reallages paragraphs 1 through 53 as through fully set forth herein.

55. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

56. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

57. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the alleged debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

58. Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its attempts to collect the alleged debt from Plaintiff personally.

**a. Unfairness and Deception**

59. It was unfair and deceptive for Defendant to mislead Plaintiff into believing it would take Plaintiff to court and garnish Plaintiff's wages if she did not make a payment on the alleged debt. Defendant's conduct was unfair and deceptive because Defendant used such threats to scare Plaintiff into making a payment on the alleged debt, which caused Plaintiff to make payments under false pretenses.

60. Defendant's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the unfair conduct.

61. Moreover, Defendant's unfair conduct is against public policy because it needlessly subjects consumers to misleading information.

62. Upon information and belief, Defendant systematically misleads consumers in Illinois in order to aggressively collect debts in default or assumed to be in default to increase its profitability at the consumers' expense.

63. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully.

64. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

65. Specifically, Plaintiff incurred pecuniary loss to pay the alleged debt when she did not owe the debt. Plaintiff made such payments out of fear of legal action.

66. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendant's illegal conduct.

**WHEREFORE**, Plaintiff LETITIA M. BOWENS, respectfully requests that this Honorable Court:

   a. Enter judgment in Plaintiff's favor and against Defendant;
   b. Award Plaintiff her actual damages in an amount to be determined at trial;
   c. Award Plaintiff her punitive damages in an amount to be determined at trial;
   d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
   e. Award any other relief this Honorable Court deems equitable and just.

### COUNT III – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

67. Plaintiff restates and reallages paragraphs 1 through 66 as through fully set forth herein.

68. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone

dialing system ("ATDS") without her prior express consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

69. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

70. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

71. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

72. Defendant violated the TCPA by placing harassing phone calls to Plaintiff's cellular telephone using an ATDS without her prior consent.

73. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

74. Upon information and belief, Defendant has no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

75. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

76. Defendant, through its agents, representatives, vendors, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

77. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C)

**WHEREFORE**, Plaintiff LETITIA M. BOWENS, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
b. Award Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);
c. Enjoin Defendant from contacting Plaintiff; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 11, 2019

Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com